# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
R. KENNETH BERNARD,

                    Plaintiff,          MEMORANDUM & ORDER
                                                    09-MC-0558 (JS)
        -against-

MOHAMMED ARIF and LAILUN N. SHAIKH,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiffs:    David Blansky, Esq.
                    Gary F. Herbst, Esq.
                    LaMonica Herbst & Maniscalco, LLP
                    3305 Jerusalem Avenue
                    Wantagh, NY 11793

For Defendants:    Karamvir Dahiya, Esq.
                    Dahiya Law Offices, LLP
                    74-09 37th Avenue, Ste. 400
                    Jackson Heights, NY 11375

SEYBERT, District Judge:

       Pending before the Court is Defendants' joint motion to withdraw the matter to the District Court. For the reasons that follow, Defendants' motion is DENIED.

BACKGROUND

       On May 30, 2008, Mohammed P. Shaikh ("Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code" or "Code"). (Trustee's Mem. in Opp'n to Mot to Withdraw Reference 2.) R. Kenneth Barnard, Esq. ("Barnard" or "Trustee") was appointed the Chapter 7 Trustee. On August 3, 2009, the Trustee commenced an adversary proceeding under 11 U.S.C. §§ 105, 363, 541, 542, 544, 550, and 551, New York State Debtor and Creditor Law § 272, et seq., and Rules 6009 and 7001 of the Federal

Rules of Bankruptcy Procedure. (Id.) The Trustee sought to avoid and recover the value of a transfer (the "Transfer") of the Debtor's interest in the real property located at 94-50 238th Street, Floral Park, New York 11001 (the "Real Property"). According to the Trustee, the Real Property was conveyed to the Defendants for no consideration within the statutory "look back" period under state and federal law. Shortly thereafter, Defendants moved to dismiss the first claim for relief, in which the Trustee sought the turnover of property of the estate under §§ 541 and 542. Defendants have not answered or moved with respect to the other claims for relief asserted in the Complaint. The Trustee has filed and served opposition to that motion. Finally, after filing their motion to dismiss, Defendants filed the current withdrawal motion, seeking relief under 28 U.S.C. §§ 157(d) and (e) and Rule 5011 of the Federal Rules of Bankruptcy Procedure.

DISCUSSION

I. Standard of Review

Under § 157(a) of the Code, district courts may refer to bankruptcy courts "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . ." 28 U.S.C. § 157(a). However, under certain circumstances, a bankruptcy case may be appropriate for withdrawal. For example, an action may be subject to mandatory withdrawal if its resolution will require "significant

2

interpretation" of non-bankruptcy federal laws. See City of New York v. Exxon Corp., 932 F.2d 1020, 1026 (2d Cir. 1991). In the alternative, a district court may grant permissive withdrawal on its own motion or on timely motion of any party, in "any case or proceeding referred under this section, for cause shown . . . ." 28 U.S.C. § 157(d). In this case, mandatory withdrawal is not at issue. Thus, the Court's determination must be based on section 157(d) and the interpretation of this section by courts within this Circuit.

In In re Orion Pictures Corp., the Second Circuit set forth the following factors for consideration: "whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." 4 F.3d 1095, 1101 (2d Cir. 1993). Two cases relating to the Enron bankruptcy proceedings, Enron Power Marketing, Inc. v. City of Santa Clara, No. 01-CV-7964, 2003 WL 68036, at *7 (S.D.N.Y. Jan. 8, 2003) and Enron Corp. v. Lay, 295 B.R. 21 (S.D.N.Y. 2003), have further expanded the factors that courts consider in deciding whether to withdraw the reference, including:

> (1) whether the proceeding is core or non-core; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process and (7) the presence of a jury demand.

3

295 B.R. at 25; see 2003 WL 68036, at *6; see also Abondolo v. GGR Holdrook Medford, Inc., 285 B.R. 101, 111-12 (E.D.N.Y. 2002).

Courts have defined core proceedings as "those that are unique to or uniquely affected by the bankruptcy proceedings, or directly affect a core bankruptcy function." Adelphia Communications Corp. v. Rigas, No. 02-CV-8495, 2003 WL 21297258, at *2 (S.D.N.Y. June 4, 2003) (citing In re Petrie Retail, Inc., 304 F.3d 223, 229 (2d Cir. 2002)); see also In re Burger Boys, Inc., 183 B.R. 682, 685 (S.D.N.Y. 1994) ("A core proceeding is generally defined as a matter which would have no existence outside of the bankruptcy case") (internal quotations omitted). Additionally, "[a] matter is a core proceeding if it invokes a substantive right provided by the Bankruptcy Code or if it could only arise in the context of a bankruptcy case." In re Kentile Floors, Inc., No. 95-CV-2470, 1995 WL 479512, at *2 (S.D.N.Y. Aug. 10, 1995). However, the fact alone that matters of state law are part of a proceeding does not render that proceeding non-core. See § 157(b)(3).

Section 157(b)(2) sets forth a non-exhaustive list of proceedings that Congress has deemed core and over which bankruptcy courts have jurisdiction. Included in the list are "matters concerning the administration of the estate," "orders to turn over property of the estate," "proceedings to determine, avoid, or recover fraudulent conveyances," and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of

4

the debtor-creditor or the equity security holder relationship." McCord v. Papantoniou, 316 B.R. 113, 120 (E.D.N.Y. 2004); see § 157(b)(2)(A), (E), (H), and (O). The Second Circuit has held that this enumeration of core matters is to be construed broadly and that in enacting § 157, Congress granted jurisdiction to bankruptcy courts "'close to or congruent with constitutional limits.'" McCord, 316 B.R. at 120 (quoting In re Best Products Co., Inc., 68 F.3d 26, 31 (2d Cir. 1995).

II. Defendants Fail to Meet Their Burden[1]

The claims asserted by the Trustee are clearly core proceedings under Section 157(b)(2), as they include orders to turn over property of the estate and fraudulent conveyance claims. See 28 U.S.C. § 157(b)(2)(E) and (H). Bankruptcy Court jurisdiction is codified in 28 U.S.C. § 1334 and 28 U.S.C. § 157. In core proceedings, the Bankruptcy Court assumes the role of a court of first instance with comprehensive power to hear, decide and enter final orders and judgments. See Halper v. Halper, 164 F.3d 830, 836 (3rd Cir. 1999). Defendants apparently concede that each of the Trustee's claims for relief are core matters.

---

[1] In support of their motion, Defendants provide the Court with little more than blanket, unsupported statements of fact and law. Other than repeatedly referencing their jury demand, Defendants never address the other six Enron factors that this Court must consider in determining whether to withdraw this matter from the Bankruptcy Court. Moreover, Defendants' papers contain countless misstatements of the law, demonstrating a complete lack of understanding of the Code, and they do not sufficiently show that their jury demand warrants withdrawal.

Additionally, the Court holds that the first six Enron factors weigh heavily in favor of denying the Defendants' motion. Specifically, the Court finds: (1) the proceeding is core to the Bankruptcy; (2) judicial economy weighs in favor of allowing the Bankruptcy Court to oversea the case until it is trial ready, and perhaps beyond that point; (3) the bankruptcy will be administered more uniformly if overseen by the Bankruptcy Court; (4) the parties' resources will be more economically used in a Bankruptcy Court proceeding; (5) denying Defendants' motion will reduce forum shopping and confusion; and (6) the bankruptcy process will be significantly expedited if overseen by the Bankruptcy Court.

With regard to the seventh factor, Defendants' jury demand, the Court is mindful that under § 157(e) of the Code, a bankruptcy court may not hold a jury trial without the consent of the parties. McCord v. Papantoniou, 316 B.R. 113, 125 (E.D.N.Y. 2004). However, even where a litigant has refused to consent to a jury trial in bankruptcy court, "[c]ourts routinely deny motions to withdraw reference . . . because of prevailing concerns about judicial economy . . . ." Id. As the Trustee correctly points out, courts of this circuit are "generally unreceptive to motions to withdraw reference where the underlying action is in its preliminary stages and is closely related to proceedings already pending in bankruptcy court." Enron Corp. v. Telplexus, Inc., No. 04-CV-7693, 2004 WL 2912893, at *2 (S.D.N.Y. Dec. 14, 2004).

Moreover, "a district court is not compelled to withdraw a reference simply because a party is entitled to a jury trial," especially where doing so would be inefficient. Id.

> A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and bankruptcy courts. Although withdrawal is an important component of this scheme, the court must employ it judicially in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court.

Id. (quoting In re Kenai, 136 B.R. 59, 61 (S.D.N.Y. 1992)); see also Enron Corp. v. Lay, 295 B.R. 21 (S.D.N.Y. 2003) (denying motion to withdraw reference despite defendants' argument that they would never consent to a jury trial in the Bankruptcy Court); United States v. Weiss, No. 97-CV-4949, 1998 WL 118091, at *5 (E.D.N.Y. Mar. 13, 1998) (holding that even where the parties requested a jury trial, withdrawal of reference was not warranted at the initial stages of the case). Instead, the party seeking to withdraw the reference has the burden of establishing that "withdrawal is in the interests of judicial economy and that it will be prejudiced by having the bankruptcy court oversee pretrial matters." Enron Power Marketing, Inc. v. City of Santa Clara, 2003 WL 68036, at *7. Defendants have failed to provide the Court with any evidence that withdrawal would be more efficient or that it

will be prejudiced in any way by the Bankruptcy Court's oversight.

Accordingly, the Defendants have failed to establish that any of the <u>Enron</u> factors weigh in favor of granting their motion.

## CONCLUSION

For the reasons stated herein, Defendants' motion to withdraw is DENIED. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December 21, 2009
Central Islip, New York